

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# Brown v. Phila Mun Ct

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3837

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Brown v. Phila Mun Ct" (2002). *2002 Decisions.* Paper 608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3837


RICHARD T. BROWN, JR.,


Appellant


v.


PHILADELPHIA MUNICIPAL COURT;
KATHLEEN RAPONE;
VIVIAN T. MILLER, CLERK;
CITY OF PHILADELPHIA


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-01317)
District Judge:  Honorable John P. Fullam


Argued June 28, 2002

Before: AMBRO, STAPLETON, and CUDAHY*, Circuit Judges


(Filed:  September 24, 2002)




     *  The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the United States Court of Appeals, Seventh Circuit, sitting by designation.


                    Richard T. Brown, Jr., Esquire (Argued)
                                   1528 John F. Kennedy Bou
                    Two Penn Center Plaza, Suite 1204
                    Philadelphia, PA  19102

                                   Attorney for Appell

                    Richard A. Sprague, Esqu
                    Thomas A. Sprague, Esquire (Argued)
                    Geoffrey R. Johnson, Esquire
                    Sprague & Sprague

                                   Suite 400, Wellington Bu
                    135 South 19th Street
                    Philadelphia, PA   19103


                    Nelson A. Diaz, City Solicitor
                    Elise M. Bruhl, Esquire (Argued)
                    Assistant City Solicitor, Appeals
                    City of Philadelphia

                        OPINION

CUDAHY, Circuit Judge:

     Richard Brown brought this action against the Municipal Court of Philadelphia
(MCP), the City of Philadelphia and various of their employees (MCP defendants) under 42
U.S.C.   1983 and the First Amendment right to access judicial records.  Since Brown
eventually obtained most of the requested documents, the MCP defendants filed a motion
to dismiss Brown's complaint.  The district court dismissed this case for mootness, though
the court also issued a short memorandum opinion suggesting that Brown's allegations did
not rise to the level of a constitutional violation. Brown now appeals. For the following
reasons, we vacate and remand.

                                 I.
     This case arises out of the MCP's failure promptly to deliver a list of all parties
arrested during a Mardi Gras celebration and related judicial documents to Brown, an
attorney.  Brown initially requested the documents on March 2, 2001 and continued to do
so thereafter, but still had not received the documents by March 20, 2001. The period to
appeal the Mardi Gras arrests was scheduled to expire on March 29, 2001 and March 30,
2001.
     On March 20, 2001, Brown filed a pro se complaint against the MCP defendants
in district court.  In his complaint, he asserted a 42 U.S.C.   1983 claim alleging a
violation of his First Amendment right of access to judicial records and sought injunctive
relief.  He also sought declaratory relief under 28 U.S.C.   2201 and compensatory
damages, including interest, costs and attorney's fees.  After a preliminary hearing using
a list of names of arrested parties obtained from a police department website, Brown
received the requested documents.  The MCP defendants filed a motion to dismiss on
various grounds, including mootness.  The district court granted the motion on mootness
grounds.  Brown now appeals the district court's dismissal of his complaint.

                                 II.
     This court has jurisdiction under 28 U.S.C.   1291.  We review de novo whether
Brown's First Amendment claim is moot.  United States v. Smith, 123 F.3d 140, 146 (3d
Cir. 1997) (holding that an appellate court applies de novo review to a plaintiff's First
Amendment claim, including issues of mootness).
     Article III of the Constitution confines the jurisdiction of the federal courts to
actual "cases and controversies."  The mootness doctrine defines constitutionally
minimal conditions for the invocation of federal judicial power.   A case is moot when
"the issues presented are no longer 'live' or the parties lack a legally cognizable interest
in the outcome."  City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (quotation
omitted).
     Brown argues that his claim falls into the "capable of repetition, yet evading
review" exception to the mootness doctrine.  This exception is "narrow and available
only in exceptional situations."  County of Morris v. Nationalist Movement, 273 F.3d
527, 534 (3d Cir. 2001) (quotation omitted).  Further, the exception is limited to cases
where two elements are present: "'(1) the challenged action was in its duration too short
to be fully litigated to its cessation or expiration and (2) there is a reasonable likelihood
that the same complaining party would be subjected to the same action again.'"  Doe v.
Delie, 257 F.3d 309, 313 (3d Cir. 2001) (quoting Abdul-Akbar v. Watson, 4 F.3d 195,
206 (3d Cir. 1993)).  Even if we were to assume, given the length of time it took Brown
to reach this stage of the litigation, that the first element is satisfied, we cannot conclude
that there is a reasonable likelihood that he would be subjected to the same conduct
again.  The district court specifically held that "the facts established at the hearing,
viewed in their entirety, rule out any realistic likelihood of future recurrence of the

problems initially encountered by plaintiff."  There can be no "reasonable likelihood" of repetition when Brown himself documents his subsequent success in obtaining equivalent records for the February 2002 Mardi Gras arrests.  Reply Br. at 2 n. 1.

However, even though Brown's request for declaratory and injunctive relief may be moot, we must still consider the viability of his request for compensatory damages, interest, costs and attorney's fees.  The availability of damages or other monetary relief normally precludes a finding of mootness.  Jersey Cent. Power & Light Co. v. State of New Jersey, 772 F.2d 35, 41 (3d Cir. 1985) (holding that "[d]amages should be denied on the merits, not on the grounds of mootness").  Since the district court did not rule on Brown's possible claim for damages, even if nominal, we vacate and remand this case for a decision on the merits.

### III.

The judgment of the district court is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion regarding Brown's claim for damages, including, if necessary, attorney's fees and costs.


By the Court,


/s/ Richard D. Cudahy
    Circuit Judg